UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SABINO QUAIR,<br><br>    Plaintiff,<br><br>    v.<br><br>GILBERT H. BROWN,<br><br>    Defendant. | Case No. 20-cv-00716-JD<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was transferred from prison to Santa Clara County Jail for warrants, but his court documents had the wrong booking number, birthdate and social security number.  For relief he seeks defendants to be prosecuted and to no longer be falsely incarcerated.  These allegations fail to state claim.  To the extent plaintiff seeks to challenge his incarceration he must pursue the habeas petitions he has already filed.  The Court notes that plaintiff is already challenging the conditions of his confinement in several civil rights cases in this Court.  Because no amount of amendment would cure the deficiencies in this complaint, this action is **DISMISSED** with prejudice for failure to state a claim.  The Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: April 17, 2020

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID SABINO QUAIR,

    Plaintiff,

v.

GILBERT H. BROWN,

    Defendant.

Case No. 20-cv-00716-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 23, 2020, I WILL SERVE a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Sabino Quair ID: BG0478
CSP-CMC East Fac  B -3234
P.O. Box 8101
San Luis Obispo, CA 93409-8101

Dated: April 17, 2020

Susan Y. Soong
Clerk, United States District Court

By: _____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

3